ANNA MARIA LINTON *v.* PIERRE ALEXANDRE GUILLOTTE.

Though no particular form is required for the dedication of land to public use, the positive assent of the owner, and the fact of its being used for the public purposes intended by the appropriation, must, at least, be shown.

Notice to a former owner, as to any matter connected with the property, will be binding on one who subsequently acquires it from him. *Per Curiam:* The latter can have no greater rights than the party from whom he acquired his title.

In an action to restrain defendant from selling certain ground, alleged by plaintiff to have been dedicated to public use, a plan of the property published by the former, and a prospectus reciting the conditions on which he proposed to make the dedication, laid before the Council of the city in which the ground is situated, with a view to obtain its co-operation in effecting the dedication, will be admissible in evidence. Any objection to the evidence as irrelevant and not affecting the plaintiff, goes to its effect, not to its admissibility.

APPEAL from the District Court of the First District, *Buchanan,* J.

*L. Peirce,* for the appellant.

*Roselius,* for the defendant.

MORPHY, J. The petitioner alleges that she is the owner of a parcel of land in the parish of Jefferson, formed of lots marked 1, 2, 3, 4 and 5, on a plan made by Bourgerot, in 1830; that this property is derived, by sundry meane conveyances, from the defendant, who sold the same as fronting on "a contemplated continuation of Camp street, to be called Liberal street," and on the above mentioned plan, marked or caused to be marked the aforesaid street. She avers that, by reason of these acts and the plan, Guillotte, the defendant, dedicated the said projected street to the public, and more particularly to her and the other purchasers of the property, to serve as a public highway; that by the sale of said lots as fronting on said projected street, according to said plan, the soil of which was then Guillotte's property, the right of way over the projected street was irrevocably vested in the public, and the purchasers of property fronting thereon, and Guillotte had no right, from that time, to close up, nor in any manner obstruct said street. She avers that one of the principal inducements to the purchase of this property was, it's fronting on said projected street; that the large price paid for the same was on the warranty contained in the acts of

sale and the plan, of the existence of said street. She further avers that, notwithstanding such sale and dedication, the said Guillotte has since made a plan, and has laid out and marked thereon lots which cover and occupy the said projected street, and has sold or endeavored to sell said lots, and has, in various other ways, obstructed said street ; and that by said illegal and tortious proceedings she has suffered twenty thousand dollars damage. She prays that Guillotte be perpetually enjoined from selling the soil reserved and dedicated for said projected street, and from enclosing, or in any manner obstructing the same ; and that the use of said street, as a public highway, be decreed to be forever vested in the public ; &c. The defendant admits that he originally sold the property at present belonging to the plaintiff, but he expressly denies that he ever dedicated the space or street referred to in her petition. He avers that, at the instance of the City Council of New Orleans, he consented to open said street, for and in consideration of five thousand dollars ; that for the purpose of raising said sum, a subscription was opened, and the Mayor subscribed $500 on behalf of the city ; that various other persons subscribed for small sums, but the amount required was never subscribed for ; that the project-ed opening of said street referred to the subscription aforesaid, and was only to be carried into execution if said sum of $5,000 should be paid to him ; that this condition was well known to the person or persons under whom the plaintiff holds the lots in question, and that, under these circumstances, he is not bound to open the said street. The judgment of the inferior court was in favor of the defendant, and the plaintiff has appealed.

The evidence shows that, in 1825, P. A. Guillotte laid before the City Council of New Orleans a plan, on which a street was figur-ed across his property in the Nuns' suburb, as the continuation of Camp street, and to be called "*Rue des Liberaux.*" To this plan was appended a prospectus, stating, in substance, that having been spoken to several times as to the necessity of open-ing this street, P. A. Guillotte proposed to the Council to con-tribute to such opening, and agreed to deliver up the space ne-cessary for the intended street, provided a sum of $5,000 was raised by subscription to indemnify him for the loss of his dwel-

Linton v. Guillotte.

ling house, and out houses, which stood on the spot where the road was to pass, for the fences he would have to construct on both sides of the new street, &c. The Mayor, under a resolution of the Council, subscribed $500 for the city, and was followed by a number of individuals who subscribed only small and insufficient sums of money. In January, 1830, the defendant caused a plan to be made by Bourgerot, of a portion of his property, which was divided into nine lots, numbered from one to nine, and which was marked on the plan as encompassed between St. Mary's Road, Tainturier street, St. Andrews Road, and " *La rue des Libéraux projetée.*" In April following, the defendant had these lots sold at auction, and the deeds of sale which he passed refer to the plan, and mention the property as comprized between the three first above mentioned streets, and " the contemplated continuation of Camp street, to be called Liberal street." This description is repeated in the successive sales of these lots, from 1830 down to that under which the plaintiff, in 1841, acquired the five lots she owns. The testimony shows that the subscription list was kept open for a number of years ; was presented to all the neighbors in the vicinity of the projected street ; and that the defendant, and some of his friends exerted themselves, but without success, to fill up the subscription. The project having thus failed, no part of the sums subscribed for was ever paid, and the street was consequently never opened, or delivered to the public. In 1836, the defendant opened a street or a continuation to Camp street, across his property in another direction, and made out a plan of it, according to which he sold some lots.

Admitting that the petitioner, between whom and the defendant there exists no privity of contract, can maintain any action against the latter on account of his promises and undertakings towards the original purchasers at his sale in 1830, where her act of sale contains no subrogation of her vendor's rights against previous vendors, the facts of the case do not, in our opinion, show any dedication of the soil in question to serve as a public street or highway. The expressions used in the plan, and in the deeds of sale, show no positive undertaking on the part of the defendant ; they were not calculated to mislead, nor

Linton v. Guillotte.

did they probably mislead any one, as they referred to a project which might, or might not be realized, and the circumstances of which had been brought before the City Council, and were, no doubt, a matter of general notoriety in the neighborhood. The space which was to be converted into a street was occupied by the defendant's dwelling-house, and was never opened to, nor in any way used by the public. Although no particular form is required for the dedication of land to public use, the positive assent of the owner, and the fact of the land being used for the public purposes intended by the appropriation, must, at least, be shown. 6 Peter's, 431. 9 La. 152. 18 La. 122, 291, 537. When, in 1841, the petitioner bought this property, the reference in her sale to the plan made in 1830, was sufficient to put her upon the enquiry, why the street, which was contemplated more than ten years before, had not yet been opened. She could easily have ascertained that the project of opening this street had long since been abandoned. On examining the subscription list appended to the plan and prospectus laid before the Council in 1825, we find, among the subscribers to this project or proposition of Guillotte, the name of James Armor, one of the vendors under whom the plaintiff holds lot No. 1, which, of her five lots, alone has a front or boundary on the projected street exhibited by the plan. With the knowledge which he had of the conditions under which alone the projected opening of the street was to take place, Armor could not surely have succeeded to the present suit; and the plaintiff, who claims under him, cannot have greater rights than him. If her immediate vendor failed to acquaint her with the circumstances connected with the projected opening of this street, and she has, in consequence thereof, paid too high a price, or has suffered damage, her recourse, if any she has, must be against him, and not against the defendant.

A bill of exceptions was taken to the admission in evidence of the plan and prospectus laid before the City Council in 1825, which were objected to as irrelevant, and as not affecting the plaintiff. The judge properly considered the objection as going to the effect, not to the admissibility of the evidence.

*Judgment affirmed.*