PIERRE ALEXANDRE GUILLOTTE *v.* THOMAS TOBY, Syndic of the Creditors of John H. Martinstein, an Insolvent.

Plaintiff having purchased two lots of ground described in the act of sale as *"formant islets,"* and situated in a certain division marked on a plan deposited in the notary's office, sued the occupier of a contiguous lot to cause a street to be opened.  No street was mentioned in the act of sale to plaintiff, nor was any parol evidence offered to prove the existence of one at the time of the sale.  An old plan was produced as being the one referred to in the sale, on which the street was marked; but there was no proof that it was marked thereon at the time of the sale, while there was evidence, on the face of the plan itself, showing that other streets described on it, had been marked at a subsequent period.  *Held*, that the evidence was insufficient to prove the dedication of a street, of which no mention was made in the sale.

APPEAL from the District Court of the First District, *Watts,* J.
*Buisson* and *Soulé*, for the appellant.
*Lockett*, for the defendant.

SIMON, J.  The plaintiff avers that having, on the 29th day of October, and 9th of December, 1811, purchased of the Ursuline Nuns, certain lots of ground situated in the upper part of the city, being formerly a part of the plantation known under

the name of the Nuns' plantation, said lots were separated from the other lots of ground belonging to his vendors, and since sold to one Urbain Gaiennié, by a road or street forty-two feet wide, and running from St. Marie street to Félicité street, called Guillotte street, established and proved as well by the titles as by the plan of division of the said Nuns' plantation, deposited in Wm. Christy's office for reference; but that said street, separating his property from that of his vendors sold to Gaiennié, is not opened, and that the proprietors of the lots sold to Gaiennié have taken possession of the same as their own, refusing to abandon and open it as a street. He prays that said street may be opened, and that all obstacles to its free use be destroyed and taken away.

The defendant, as syndic of the estate of Martinstein, an insolvent debtor, to whom the lots adjoining those of the plaintiff belong, first denied the right of the plaintiff to interfere in this matter, alleging that such right belongs properly to the public corporation within which the street is situated, &c.; and he further averred, that, according to the title deeds of both parties, the lines of their respective lands join, and that neither of said deeds calls for, nor specifies any street or vacant space of ground.

Judgment was rendered below in favor of the defendant, from which the plaintiff has appealed.

The acts of sale from the Ursuline Nuns, to the plaintiff, dated the 29th of October and 9th of December, 1811, and passed before a notary public, specifiy, 1st: That the vendors sell to the vendee, "*deux lots de terre, formant îslets, situés sur la rive gauche du fleuve à prendre dans les lots numeros deux et trois du plan déposé dans notre office, et de la contenance, l'un de 239 pieds 6 pouces de face au chemin qui le sépare de la propriété acquise par M. Teinturier, 300 pieds sur les chemins St. André et Ste. Marie, et dans la profondeur aux terres des dames venderesses, du côté du fleuve; et l'autre de 250 pieds de face au même chemin, attenant la propriété de M. Teinturier, sur 300 pieds aux chemins Ste. Marie et Félicité, et dans la profondeur aux terres des dames venderesses du côté du fleuve.*" And 2d: "*Deux lots de terre, formant îslets, à prendre dans les lots numeros deux et trois du plan déposé en notre office, et de la contenance qu'ils contiennent à partir*

*de deux lots précedemment acquis par l'acquéreur, sur une profondeur de* 300 *pieds du côté du fleuve aux chemins Ste. Marie et Félicité, et dans la profondeur des terres des dames venderesses, &c. et sont connus du sieur acquéreur qui les prend dans l'état ou'ils se trouvent," &c.*

The sale from the same vendors to Gaiennié, from whom the defendant holds, executed on the 6th of March, 1842, before the same notary, describes the property sold to be: "*un lot de terre situé sur la rive gauche du fleuve, à prendre dans le No.* 3 *du plan déposé en notre office, en suite d'un des lots acquis par M. Guillotte, ayant* 370 *pieds de face à la rue Félicité,* 370 *pieds à la rue Ste. Marie,* 266 *pieds de profondeur du côté de la borne dudit sieur Guillotte, et* 281 *de profondeur sur le paralléle côté du fleuve, suivant le certificat d'arpentage dressé par F. V. Potier, ingénieur et arpenteur juré, sous la dáte du* 5 *courant, lequel est demeuré et joint-annéxé aux présentes pour y avoir recours au besoin."*

Thus, on the one hand, the plaintiff's lots, purchased about fifteen months previous to the sale to Gaiennié, to be taken in the lots Nos. 2 and 3 of the plan deposited in the notary's office, were to extend 300 feet *in the depth of the lands* of the vendors, and were well known to the purchaser who took them *in the state in which they were;* whilst, on the other hand, Gaiennié acquired his lot also to be taken in the lot No. 3 of the plan deposited in the same notary's office, as being a continuation (*en suite*) of one of the plaintiff's lots, and having 266 feet *in depth on the side of said plaintiff's boundary,* according to the certificate of survey, dated the day before the sale, and annexed to the act for reference.

No parol evidence has been adduced to show the existence of the street in question at the time of the plaintiff's purchases, and we have been referred to an old plan made by B. Lafon, on the 18th of September, 1810, somewhat disfigured and blotted, as being the one alluded to in the sales; but the street contended for is not mentioned, nor in any way alluded to in said sales, and although there appears to be one marked on the old plan with the name of *Guillotte street,* there are others marked on the said plan with their names, which, on the face of the plan itself, could not exist at the time said plan was made; for in-

stance, there is one named *Gaiennié street,* and the evidence proves that Gaiennié only bought in 1812. This would show that Gaiennié street did not exist in 1810, and that it has been marked on the plan since. Nothing proves that Guillotte street was marked on the plan at the time of the sales; on referring to the acts, we find that said plan is not referred to (as in the sale to Gaiennié,) for the purpose of showing the boundaries of the lots; it is only mentioned therein to identify the lots sold, as being lots Nos. 2 and 3 of the plan and no further; and we are very far from being satisfied that the plaintiff, whose sales are silent as to the existence of said street, bought the lots as being bounded on one side by it. The plan itself, in the state in which it is, and without any written description of its marks, is not sufficient to prove the dedication not indicated, nor mentioned in the deeds.

Indeed the contrary is shown by Potier's plan made in 1812, which appears to be a neat copy of Lafon's. This plan, according to which Gaiennié purchased his lot, does not contain the street contended for, and very few, if any, of the other streets are named thereon Gaiennié purchased his lot as a continuation of the plaintiff's, with 266 feet in depth on the side of said plaintiff's boundary, according to Potier's certificate of survey; and from a comparison made of it with the old plan, we are induced to believe that it is the true and correct one, under which all the sales were made. It may be that the street sued for existed, or was intended at the time of the plaintiff's purchase. This might perhaps be inferred from the lots being sold as *"formant islets,"* but the evidence is insufficient to prove the fact; the plaintiff must make out his case, and it is not enough that he makes it probable. It is not a little astonishing that he should have suffered twenty-five years to elapse before claiming the opening of a street, which, he says, was dedicated in 1810, but which, in 1812, was excluded from a plan under which the subsequent sales were made.

*Judgment affirmed.*