### No. 10,115.

#### A. J. McCEARLEY vs. LOUIS LEMENNIER.

In the absence of clear proof of dedication to public use, or of formal assent by the owner, from which the same can be inferred, a road used by the public by the tolerance of the latter for thirty years and even longer, will not be declared a public road.

Section 3668, R. S., which incorporates an act of 1818, defining what roads are public, should be construed with Art. R. C. C. 455, which declares that the use of the banks of *navigable* rivers or streams is *public*.

In the instant case, the bayou on which it is claimed that the lands of the defendant front, is not a navigable stream and the road in question is not public.

McCearley vs. Lemennier.

APPEAL from the Ninth District Court, Parish of Tensas.
    *Young*, J.

*Steele, Garrett & Dagg* for Plaintiff and Appellant.

*Luce & Lemle* for Defendant and Appellee :

1. The police jury of Concordia parish has plenary, unlimited and exclusive power to make such enactments in regard to roads within the limits of Concordia parish as may be necessary and convenient. Act No. 146 of 1858 ; 34 Ann. 362 ; 30 Ann. 1092 ; Secs. 3364 and 3367, R. S. ; 7 Ann. 150 ; Sec. 62 of General Levee Law of 1829 ; Bul. and Cur. 760.

2. The State enforces no system of its own in reference to roads. By Act No. 146 of 1858 and Section 3367, R. S., the regulation of such matters was entrusted to the local authorities. 34 Ann. 363.

3. The road legislation passed by the State in 1818, Sec, 3368, R. S., was erroneously incorporated in the R. S. of 1870, as it had been repealed by Act No. 146 of 1858, relegating this matter to the police juries. 34 Ann. 363.

4. In order therefore to ascertain what are the public roads of Concordia parish, we must look to the "road ordinance" adopted by the police jury in 1859 and not to Sec. 3368, R. S.

5. Section 1 of said ordinance changes Sec 3068 R. S., by inserting *navigable* before rivers and bayous.

6. The road was never dedicated to the public. The mere fact that for thirty or forty years the public was permitted to pass over the road would not, of itself, prove a dedication or constitute the road a *locus publicus*. 37 Ann. 502 ; 18 La. 206 ; 19 La. 71 ; 3 Ann. 282 ; 26 Ann. 462 ; 15 Ann. 316 ; 16 Ann. 404.

7. A dedication of a passage can only be established by a written title or its equivalent as a plot or plan or by parol evidence so conclusive as to amount to documentary evidence. 37 Ann. 502.

8. The Bank of Cut Off Bayou is understood to be that which contains it in its ordinary state of high water. Art. 457, C. C.

9. Cut Off Bayou is not navigable. 13 Ann. 131 ; Sec. 2743, R. S. No. 13.

10 If Cut Off Bayou is navigable, the public only has a servitude on the road on the bank of same for purposes incident to the nature and navigable character of it and not for all purposes. 12 Ann. 655 ; Arts. 455, 457, 665 and 753, C. C.

11. The servitude established by Art. 455, C. C., should be strictly construed in favor of the owner of the property to be affected. R. C. C. Art. 753.

12. There is no pretense that McCearley desired to use the road in controversy for any purpose incident to the navigation of Cut Off Bayou.

13. Both Sec. 1 of the ordinance of the police jury and Sec. 3368, R. S., are unconstitutional, null and void, as it deprives one of his property without due process of law, and without a just and adequate compensation first being made. R. C. C., 497 ; 37 Ann. 504 ; 7 R. 509 ; 27 Ann. 204 and Arts. 2626 to 2629, R. C. C.

14. Damages must be established with legal certainty. Statements of items in globo without details will not be sufficient. 11 Ann. 178 ; 15 Ann. 504 ; Sedgwick on Damages, p. 633 ; 21 Ann. 185 ; 37 Ann. 492.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The record contains a motion to dismiss, of which no other mention need be made than that it presents no merit and is overruled.

The object of this suit is to have a certain road declared *public* and

to recover damages for its obstruction by the defendant, who pretends that it is *private* property.

From an adverse judgment, the plaintiff appeals.

The road, with a bayou known as *Cut Off Bayou.* begins at the public levee on the Mississippi river in the direction of Red river, and runs, more or less, along the side of the bayou several miles, except where it becomes itself a *cut off* through cultivated lands at a distance from the bayou on "Burnstown" plantation, which is now owned by the defendant.

It is claimed that the road through those lands is a public road: *because* it was dedicated as such to the public; *because* it has been used as such by the public for upwards of thirty years, and *because* it was made such by law.

The record is barren of any evidence to show the alleged dedication. *Nemo presumitur donare.*

It contains testimony. however, to show the use by the public during thirty years, but this use, for that length of time and longer by the sufferance or tolerance of the owner, has been declared to be insufficient to convert a private into a public road. Morgan vs. Lombard, 26 Ann. 462; Torres vs. Falgoust, 37 Ann. 497, and authorities cited,

An attempt was made, which proved unsuccessful, to establish that the police jury had considered and treated this road as a public road. The reverse is, we think, established by the evidence.

By the act of 1818, which now forms part of the R. S. as Sec. No. 3368, it was provided that all roads opened, laid out or appointed by the Legislature or police juries, and all such made by individuals whose lands front rivers or bayous, shall be deemed public roads.

The defendant contends, however, that this law must be construed together with Art. R. C. C., 455, which declares that the use of the banks of navigable rivers or streams is public.

If this is done, and we think it ought to be, the inference is that the law, in its second part, invoked by the plaintiff was designed to apply to such roads only which run along *navigable* streams, bayous, etc.

This is, indeed, the construction placed upon the section in question by the police jury of Concordia parish, as appears by an ordinance passed by it, to carry out the law in 1859, in which it is declared that all roads in the parish laid out, opened, or appointed by the Legislature or the police jury, and made on the front of their respective lands by individuals, when such lands have their fronts on any of the *navigable* rivers or bayous in this State, shall be *public.*

The term "*navigable*" was pronounced as never having been in-

tended to apply to streams only capable of an imperfect navigation, in times of flood and very high water. Were the mere fact that a steamboat or flat has been up some distance a stream in high water—a sufficient ground for declaring it *navigable*—every slight depression of the soil in Louisiana would become a *navigable* stream and be opened to rafts and boats and convenience of a few persons, to the total destruction of the planting interest. Boykin vs. Shaffer, 13 Ann. 131.

On the question of navigability of the bayou, the evidence shows conclusively that no boats or crafts capable of transporting cotton, and not even skiffs, have been known to pass through it, unless possibly, at long intervals, in stages of high water and when the banks were overflowed. The growth of trees has made the bayou such that skiffs or logs can hardly be put through.

The charge that the defendant is estopped from denying that the road is *public*, because he was a member of a police jury which declared it to be such and of a committee of supervision, is unfounded.

Reference to the ordinance alluded to, shows that the defendant was one of a committee to lay out a new road.

Granting that, as such, he caused hands, placed under his direct or indirect control by the parish, to repair the road in question, it does not hence follow that he treated it as a public road.

He no doubt thought that, as the public used the road with his tolerance, it was proper that hands paid by the public should at least then, in an urgency, do some work on it, to keep it in passable condition. This would be sufficient justification.

On the other hand, it appears that, considering that the road in question was not a public road, the plaintiff, with a number of citizens, petitioned the police jury to make it a public road.

It is unnecessary to consider the claim in damages, the case being with the defendant, as was found by the district judge.

Judgment affirmed.