47  100
d111 122

No. 11,602.

LELAND UNIVERSITY VS. THE CITY OF NEW ORLEANS.

1. A deed of sale wherein three of the boundaries are given as certain well recognized streets in the city of New Orleans, and the fourth is stated to be "the line of the Foucher property," and this property is delineated on a map or

plan of the adjacent property, bearing an ancient date, and found among the public archives of the city.

*Held:* This is a sale *per aversionem.*

2. After being set apart for public use, and enjoyed as such, and private and individual rights acquired with reference to it, the law considers it in the nature of an *estoppel in pais,* precluding the original owner from denying such dedication.

3. While a mere survey of land by the owner into town lots, defining streets, squares, etc., will not, without a sale, amount to a dedication, yet a sale of lots with reference to such a plat, when bounded by streets, will amount to an immediate and irrevocable dedication of the latter, binding on both the vendor and vendee.

APPEAL from Civil District Court, Parish of Orleans.
  *Monroe, J.*

*J. Q. A. Fellows* Attorney for Plaintiff and Appellee:

To render a dedication to public use binding, it is necessary not only that there be some act of dedication on the part of the owner, but there must also be something equivalent to an acceptance on the part of the public.   The concurrence of two parties is necessary to pass the right.   14 La. 173; 19 La. 62; 10 R. 357; 11 R. 294; 3 An. 282; 7 An. 233; 10 An. 81.

Where the boundaries are given in the deed, it is a sale *per aversionem,* and the quantity will be disregarded; the words "extending to" are not essential.   C. C. 854, 2495; 8 M. 713; 5 N. S. 243; 2 La. 502; 3 La. 91; 4 La. 534; 7 La. 457; 14 La. 497; 19 La. 422; 2 R. 357, 461; 9 R. 30; 7 An. 672; 9 An. 117; 15 An. 76; 26 An. 40.

*E. A. O'Sullivan,* City Attorney, and *Henry Renshaw,* Assistant City Attorney, for Appellant:

The property or strip in controversy has been dedicated to the public.   18 La. 286; 34 An. 1092; 9 An. 246; C. C. 454.

Reference in act of sale to plan controls as to description.   12 La. 546; 6 La. 551.

Plaintiff could not acquire rights to the property by enclosing same, nor could plaintiff acquire by prescription.   9 An. 246; 4 An. 73; 4 Mart. O. S. 2; 30 An. 67.

The opinion of the court was delivered by

WATKINS, J. The land in controversy is claimed by the plaintiff to be property in private ownership, to the use, possession and occu-

pancy of which it is entitled; while the contention of the defendant is that it has been dedicated to public use, and is a *street*, a public thing.   Revised Civil Code, 454.   That the property which was purchased by the plaintiff, as indicated by the titles referred to in its petition, never included the strip of land involved in this litigation; but that, having been previously dedicated to public use, it was not susceptible thereafter of private ownership.

From a judgment in favor of the plaintiff the city has appealed.

There are but two questions presented for decision: (1) whether plaintiff acquired the property by a sale *per aversionem;* (2) whether there was a dedication of it to public use.

The land in controversy was formerly a part of the old town of Greenville, which has been incorporated into and made part of the city of New Orleans.

The allegations of plaintiff's petition are that the property it owns has a front on St. Charles avenue, and extends back to Third street, that is to say on the right of the avenue going toward Carrollton.    That it consists of four squares, namely: those numbered respectively 69, 76, 77 and 84, "bounded *above* by Chestnut, now Audubon street, and *below* by the line of the property formerly owned by the late Louis F. Foucher, and otherwise by Third street and St. Charles avenue." That it has been in possession of same under fence, with the above boundaries, since its purchase on the 6th of April, 1870; and through its vendors, with same boundaries, from James Ogilvie in 1836—under authentic titles duly recorded.    That said property was for many years—exceeding thirty—continuously enclosed, according to the aforesaid boundaries, by a fence; and that same " was so enclosed on the 30th of October, 1893, when, under order and direction of Peter Farrell, commissioner of public works of the city of New Orleans, and by the advice and (under) the instructions of Linus W. Brown, city engineer, a portion of said fence fronting on St. Charles avenue, and *the whole of the fence on the line of the property of Foucher from St. Charles avenue to Third street was removed and forcible possession taken of a large portion of the lower side of said tract of land, exceeding fifty feet in front on St. Charles avenue*   *   * and that certain persons, to petitioner unknown, proceeded to dig two ditches through the same, throwing the dirt dug therefrom into the space between them, *making a sort of roadway which they called*

*Walnut street.*" That " on or about the — day of March, 1894, by the orders of said Farrell (certain persons), to the petitioner unknown, proceeded to tear down and remove a fence which petitioner had caused to be *replaced* on St. Charles avenue front—all of which acts are, and were, in violation of the rights of petitioner, and wantonly done to the great damage of petitioner; and under the false pretence that the acts complained of as aforesaid were simply for the opening of Walnut street (though neither Walnut street nor) any other street did exist, and never had existed at the place above described."

That, by the aforesaid illegal acts, petitioner has been disturbed in the peaceful possession and enjoyment of its property; and its title thereto has been slandered, and damages inflicted to the extent of one thousand dollars—the value of the property being placed at fifteen thousand dollars.

The answer of the city was a general denial.

On the trial all the titles of the plaintiff and its vendors were introduced in evidence, and several maps, or plans, from the whole of which we gather that the property in dispute is a narrow strip of ground having a front on St. Charles avenue of fifty feet and running back to and coming to a point a tThird street. Just opposite, on the river side of St. Charles avenue, there is an open way which extends to the Mississippi river, a distance of fifteen blocks as indicated by the map of Hammarskold, and is indicated thereon as Walnut street. But the space in controversy, though appearing on the map, is not given the designation of Walnut street.

The proof, pretty conclusively, shows that the lower line of plaintiff's property had for many years been indicated by a fence, which embraced the property in dispute, and that same was only recently removed by the city authorities under circumstances similar to those outlined in the petition.

Certain it is that the plaintiff was not consulted and never yielded its consent thereto.

The claim on the part of the city to a dedication of this property seems to be *exclusively predicated upon the face of the Hammarskold map*, which has for a great many years been on file among the archives of the city and in use by the city surveyor as a guide.

But, on this map is delineated, also, the general outline of the Foucher property, and tracing the boundary line which anciently

separated it from Greenville from the Mississippi river west—across St. Charles avenue to Third street—it is manifest that the plaintiff's property covers and includes the land in dispute, inasmuch as it has for its lower boundary " the line of the Foucher property."

We are of opinion that plaintiff was a purchaser *per aversionem*, and, also, its vendor's titles evidence by sales *per aversionem*.

The descriptions in their deeds fulfil the requirements of the latest adjudications of this court upon the subject of sales *per aversionem*. Gughlielhmi vs. Geismar, 46 An. 280; State vs. Buck, 46 An. 656.

And there is no evidence of a dedication to public use. The plaintiff's titles call for the lower line of the Foucher property, without making any reference to a lane, space or street.

According to all the authorities there must be a plain and positive intention to *give* in order to constitute a dedication to public use. Carrollton Railroad Company vs. Municipality, 19 La. 62; Linton vs. Guillotte, 10 Rob. 357; Guillotte vs. Toby, 11 Rob. 294; Saulet vs. New Orleans, 10 An. 81; Heirs of Leonard vs. City of Baton Rouge, 39 An. 275.

There is no city ordinance referred to, or offered in evidence, indicating or establishing the space mentioned, as a street.

On this subject Mr. Dillon says:

"After being set apart for public use, and enjoyed as such, and private and individual rights acquired with reference to it, the law considers it in the nature of an *estoppel in pais* which precludes the original owner from denying such dedication." 2 Dillon's Municipal Corporations, 598 (49 An. 282).

" While a mere survey of land by the owner into lots, defining streets, squares, etc., will not, without a sale, amount to a dedication, yet a sale of lots with reference to such a plat, when bounded by streets, will amount to an immediate and irrevocable dedication of the latter, binding on both the vendor and vendee." *Id*. 283.

In our view, the theory of this opinion is not inconsistent with that expressed in Louisiana Ice Manufacturing Company vs. City, 43 An. 217, for the reason that it appears conspicuously therein that in pursuance of an ordinance of the City of Jefferson, in 1867, instructing the city surveyor to make a map of said city and a book of plans, and to *fix the grade of streets by actual survey*, the work was done, and thereon named and included Water street, the street that was in controversy in that case, making an altogether different case

from the instant case.   2. Dillon's Municipal Corporations, Sec. 503; 39 An. 283; Arrowsmith vs. New Orleans, 24 An. 194.

There is an utter absence of truth as to any lots of land having been disposed of, as having either boundary on the space in contro- versy or in the titles to which the space is described as a street.

The authorities as well as the evidence are against the city on this contention, as well as to character of the sale itself.

Judgment affirmed.