No. ——

First Circuit

## BOMAR v. CITY OF BATON ROUGE

(April 1, 1926, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Dedication—Par. 5, 6, 13; Roads—Par. 3.**

Although no particular form is necessary for the dedication of land for public use, the positive assent of the owner must appear, and the fact of its being used for public purposes intended by the appropriation.

2. **Louisiana Digest—Dedication—Par. 13.**

No one is presumed to give and proof of dedication is essential. Dedication cannot be inferred from the user alone.

3. Louisiana Digest—Servitude—Par. 6, 8.

The right of passage is a discontinuous servitude under Article 727 of the Civil Code and can be established only by a title and not acquired by possession.

(See Civil Code, Article 766. Editor's note.)

4. Louisiana Digest—Dedication—Par. 6, 13.

The fact that in a sale of lots there was a stipulation excepting a roadway which ran over part of them will not show the roadway to have been dedicated, especially where another deed was thereafter filed, transferring to the same vendee the portion covered by the lot.

5. Louisiana Digest—Damages—Par. 90.

Damages or rentals will not be allowed for the use of a roadway by a city where no damages or rental agreement proven.

6. Louisiana Digest—Dedication to Public Use—Par. 7, 9, 13.

The fact that a lot appeared on the city map as part of a road could not change the title of this property or operate as a dedication to the city.

7. Louisiana Digest—Servitude—Par. 19, 20; Roads, Bridges and Ferries—Par. 3.

Under Article 727 of the Civil Code the right of passage is a discontinuous servitude which can not be acquired even by immemorial possession, a title being essential for such acquisition.

Appeal from the Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

Action by Darley D. Bomer against City of Baton Rouge.

There was judgment for defendant and plaintiff appealed.

Judgment reversed granting plaintiff title to portion of lots covered by roadway but disallowing plaintiff's claim for damages and rentals.

W. O. Watson of Baton Rouge, attorney for plaintiff, appellant.

H. Payne Breazeale, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. Plaintiff alleges that he acquired Lots 15 and 16, in Square No. 18, situated in the city of Baton Rouge; Lot 16 from the Zadock Realty Company on March 25, 1919; and Lot 15 from George R. Carruth on the 5th day of March, 1919. The defendant city admits plaintiff is the owner of Lot 15, but denies that he is the owner of all of Lot 16. These lots were located in the parish of East Baton Rouge up to the year 1898. The city limits of the City of Baton Rouge were, under the Act of the Legislature of that year, extended so as to include these lots within its corporate limits. Plaintiff alleges that the city has dug up a portion of Lot 16, with the view of maintaining it as one of its permanent improved streets, that it has no title thereto, and is a mere trespasser. Plaintiff prays for the ownership and possession of the lot in its entirety, for damages in the sum of $250.00, and for rentals per month from March 25, 1919.

The record shows that prior to the extension of the limits of the city there was a road known as the Perkins Road, a public road of the parish of East Baton Rouge, which ran through this lot, No. 16, prior to the time it was taken within the

corporate boundaries of the city in 1898. It is admitted by plaintiff that this Perkins Road has been "running through the parish of East Baton Rouge, and into the city of Baton Rouge, as presently used, has been used as such for more than 75 years by the public". This road takes a space or cuts off a strip of about 20 feet wide across the southwest corner of Lot No. 16, a corner lot. It also tips off an extremely small portion of Lot 15, but this is so inconsequential that it is not a factor in this contest. The city answers in substance that over this strip of ground there is a public street of the city, known as the "Perkins Road", which is a continuation of a public road running through the parish of East Baton Rouge into the city, also called the Perkins Road; which street or road has been properly dedicated to the parish of East Baton Rouge and to the city of Baton Rouge, and that it has been so used by the public generally, of the parish and city, for a period of more than seventy-five years. The question as to whether there was a dedication of this strip of ground presents the vital issue in the case.

Though no particular form is necessary for the dedication of land to public use, the positive assent of the owner must appear, and the fact of its being used for the public purposes intended by the appropriation. City Council of Lafayette vs. Holland, 18 La. 286; Linton vs. Guillotte, 10 Rob. 360; Leland University vs. City of New Orleans, 47 La. Ann. 104, 16 South. 653; New Orleans & C. R. Co. vs. Town of Carrollton, 3 La. Ann. 282. No one is presumed to give, and proof of dedication is essential. McCearley vs. Lemennier, 40 La. Ann. 253, 3 South. 649. Dedication cannot be inferred from user alone. Beck vs. Fleitas, 37 La. Ann. 497.

We say by user alone, as there is no proof whatsoever that this Perkins Road was ever declared a public highway by the police jury of the parish of East Baton Rouge. Act 25 of 1904. The fact that the Perkins Road ran over this lot for a period of fifty, sixty or seventy-five years prior to its incorporation within the corporate limits of the city of Baton Rouge does not make proof of dedication. The proof is that after this lot had been taken into the city limits, the public continued to use it as a street of Baton Rouge. This use by the city was a mere continuation of the use which had been made of it as a public road by the traveling public of the parish of East Baton Rouge. This right of passage so enjoyed by the parish, and thereafter by the city, was a mere discontinuous servitude; C. C. 727; and which could be established only by a title, and could not be acquired by possession; C. C. 766. In admitting the evidence to show that this road had been so used by the parish and city during a period of seventy-five years the court recognized the correctness of the views above expressed, in saying that this proof was admitted as not establishing title either in the parish or city of Baton Rouge to the space of ground taken by the Perkins Road, as neither could acquire ownership thereto by prescription. In its opinion, however, the court said that from the fact that the official map of the city of Baton Rouge, approved in 1910, shows that the Perkins Road extended through this lot, and that it had been used without any evidence of objection or interruption on the part of the owners involved during all this period of time, until the complaint of plaintiff was filed, a dedication of this strip should be inferred. In support of this conclusion the court cites a number of decisions of the Supreme Court of this state. The rule which declares

that no particular form is necessary for the dedication of land to public use is well established by many decisions of our courts and by those cited by the district judge. If the dedication appears from some plan or writing or titles of the owner this is all that is required to establish it if accepted by the public. In the absence of such grant or deed, it must always appear that the ground has been used with the assent of the owner and for public purposes. The fact that the city of Baton Rouge made an official map of the outlying district in which the lot in question is located showing that the Perkins Road ran over its southwestern corner is not proof that the owners at that time ever assented to make a dedication of the part of the lot so used. As we have heretofore stated, when the limits of the city were extended and the map of the city made, the parish and city had had a mere use of the strip in question. Neither the extension of the corporate boundaries nor the map of the city could effect a change in the status of the property and operate a translation of the title of this space of ground by dedication to the city, otherwise the rights to realty would be very insecure. The lot in question is situated in what is now known as the Roseland Terrace. A map of Roseland Terrace was offered in evidence. This map does not show that the Perkins road runs across this lot. It seems from the record that this Roseland Terrace was subdivided into city lots by the Zodack Realty Company from which plaintiff bought. There is no evidence to show that the Zodack Realty Company or its vendor or vendors ever made a dedication of the strip of land in dispute by grant or deed or by positive assent to its use by the public. As far as the map of the Roseland Terrace shows the proof indicates that no such dedication was made. In the sale, however, from the Zodack Realty Company of this lot to plaintiff appears the clause, following: "It is well understood and agreed by and between the vendor and vendee herein that the Perkins road runs across a portion of the lot herein conveyed and so much of said lot as is taken up by the said Perkins Road as presently established is especially excepted from this sale." It is on this clause in the contract of sale by which plaintiff acquired that defendant's counsel places his main reliance for proof that there was a dedication of this strip to the city of Baton Rouge. Plaintiff admits that he knew that this Perkins Road ran across the lot when he bought. He is the one who suggested that a clause in reference to the lot be inserted in the deed. He says he did not understand it would be put in the words in which it appears in the act of sale. There is nothing to indicate that the Zodack Company, vendor of the plaintiff, prior to the suggestion of the plaintiff, intended in any way to make the reservation embodied in the clause above reproduced. The company, no doubt, intended to convey title to plaintiff of the entire lot, including the disputed strip, and made the reservation merely to comply with the request of the plaintiff. That such was the intention of the Realty Company appears from a correction deed it subsequently executed in favor of the plaintiff. In this correction deed, the company, in referring to said clause, says: "It has the effect of reserving title in the realty company, where, as a matter of fact, the company intended to transfer its entire interest in the said lot but without warranty as to the portion taken up by the said Perkins Road." Evidently, the company by this declaration in this correction deed, shows very clearly that its purpose was to transfer title to plaintiff

for the entire lot, but fearing that the city might be entitled to the strip because the Perkins Road ran over it, refrained from warranting title thereto to plaintiff.

C. J. Brown, the representative of the Zodack Realty Company, who sold the lot to plaintiff, testified in the case. He says it was understood when plaintiff bought that the road would be straightened out and that plaintiff would get the ownership of the whole lot, and which appeared as a full lot on the Roseland Terrace map, although as an actual fact the Perkins Road took a portion of it. He says it was understood plaintiff was only getting possession of a portion of the lot. This testimony makes it even clearer than did the correction deed, that the company intended to convey title to the whole lot, with possession only of the portion unoccupied by the road. Plaintiff says he thought he was buying the whole lot, but thought it was advisable to put the clause in question in the sale. The evidence properly analyzed justifies the conclusion that the Zodack Company intended to sell all of the lot and that plaintiff intended to buy it in its entirety. The trouble was that the vendor and vendee saw this road running across its southwestern portion, and made the reservation in the sale under the apprehension that the city might possibly be entitled thereto by use or dedication. The reservation was therefore made in respect to the city's rights if it had a dedication to the strip in question. This was the purpose or motive which prompted the parties to insert this clause, but there is nothing in the reservation to indicate that either party was actuated by the least desire to dedicate this space of ground to the city of Baton Rouge to be used by it as a street or road for public purposes. There is no deed, act, plat or survey of either plaintiff, the realty company, or of their authors in title to show that this strip of land was ever dedicated to the parish or city of Baton Rouge to be used as a public road or street. The record is also barren of the existence of any facts or circumstances to sustain such dedication by plaintiff or the Zodack Realty Company or their authors.

The district judge to a large extent rested his opinion on the decision reported in Lawson vs. Shreveport Waterworks Co., 111 La. 73, 35 South. 390. In that case it appears that a roadway had for a long time been recognized over a little stream known as Blind Bayou. The Shreveport Waterworks Company obligated itself to maintain a bridge over this bayou which had been used for many years by the general public. The owner in selling a strip of his land to that company stipulated for this road to be kept open and that a bridge thereon be constructed and maintained by the company over Blind Bayou. The court found that nothing else could have been meant by the owner but that the then existing status should continue. It appeared from the existing status that a road had been established there which had been used by the general public during a long period. This stipulation which provided for the construction and maintenance of this bridge, the court said, was a recognition by the owner of the land of the public character of the road, and was a stipulation pour autrui. In the clause excepting the sale of the strip in dispute in this case there is certainly no stipulation that it should be recognized as a street, road or highway, nor is there any language therein used from which it could be inferred that a reservation was intended to be made pour autrui or for the benefit of the general public.

It must also be observed that the finding of the court in the case above cited that this reservation was in effect a stipulation pour autrui appears in the original opinion, and that the case on rehearing was decided on quite a different principle of law, as it was there held that where a party opens a public way he impliedly licenses the public to use it, and if a licensee is injured while traveling over it, due to the lack of care of the roadway, the owner of the soil is responsible in damages. The final judgment was, therefore, not grounded on the proposition that the stipulation of the owner of the land was one pour autrui from which resulted a dedication of the roadway to the general public. Even if it be true that the judgment of the court rested on this principle, it can have no application here, as the facts and circumstances herein presented are not at all similar to those which appear in Lawson vs. Shreveport Waterworks Co., 111 La. 73, 35 South. 390.

As the strip of land in this case was excepted from the sale, it is clear that the title remained in the Zodack Realty Company, the vendor of the plaintiff, which had the right to subsequently make a transfer thereof to plaintiff. This the company effected by an act of sale of a date later than that of the original sale wherein the other portion of the lot had been conveyed. No additional price, it is true, was paid by plaintiff for the strip thus transferred. This fact supports the contention that the whole lot was originally intended to be transferred. Be that as it may, the realty company had clearly the right to make a conveyance of this strip by this subsequent act as it had remained the owner thereof. If the defendant city had had any rights to this strip by dedication or other title when it was

transferred, it could possibly have interposed objections to its sale, but as it had no ownership therein, it is not concerned in its sale, which is a matter that appeartains to the vendor and the vendee in the transaction.

As to the damages and rentals claimed against the city, we find no proof to sustain this branch of the demand.

It is therefore ordered adjudged and decreed that the judgment appealed from be avoided, annulled and reversed. It is further ordered and decreed that plaintiff have judgment against defendant decreeing him the owner and entitled to the possession of the space of ground or strip of land of Lot 16 of Square 18 of Roseland Terrace in contest over which the Perkins Road runs as appears from the official map of the city of Baton Rouge made by R. Stewart, civil engineer, approved by the mayor of said city, and recorded on the public records of the parish of East Baton Rouge; that the demand of the plaintiff for damages and rentals be rejected and that the defendant pay all cost of suit.

---

## ON APPLICATION FOR A REHEARING

MOUTON, J.    The strip of ground in contest herein is about 20 feet wide and runs across the southwest corner of lot 16 the property of the plaintiff. Prior to the extension of the territorial limits of the City of Baton Rouge in 1898, the general public of the Parish of East Baton Rouge had for a period of about 75 years exercised the right of passage over this strip which became known as the Perkins Road. As far as the record shows there is no

evidence whatsoever to show that there ever was a dedication made of this strip to the Parish of East Baton Rouge by any written document, title, grant or deed. The record is also barren of any proof to show that this road has ever been declared a public highway by the Police Jury of the Parish of East Baton Rouge by which it could have acquired title thereto by the prescription of ten years under the provisions of Act 25, 1914, p. 30, or that it had been worked for a period of 3 years by authority of the police jury, so as to make it a public road under Act 220, 1914. Sou. Rep.: Case of Bresson vs. Police Jury of Caddo Parish, No. 8, vol. 107, does not apply. It therefore appears that the people of the parish had had only the use of this strip of ground under the name of the Perkins Road for the period above stated. From this use alone, as we have heretofore stated in our original opinion, dedication could not be inferred. Torres vs. Falgoust, 37 La. Ann. 497.

If the parish ever had title, of which there is no proof, there is no evidence that it ever made a transfer thereof to the defendant, the City of Baton Rouge. This Perkins Road which ran over this strip of the lot in question was incorporated within the city limits under the extension effected in 1898.

As we said in our original opinion, the City merely continued to exercise the right of passage over this strip of ground. There is no proof, however, of any dedication of this strip to it from any one by grant, deed or otherwise. This right of passage was certainly a discontinuous servitude, C. C., 727; and which could not be acquired even by immemorial possession, a title being essential for such acquisition, C. C., 766.

The City had no title, and its enjoyment of a right of way over this strip could not give it title though exercised, in connection with the prior use of the people of the Parish of East Baton Rouge, during a preiod of 75 years or more. The fact that this strip had with lot 16 been incorporated within the limits of the City in 1898, or that it appeared on the official map of the City, as the Perkins Road, could not, as we said in our first opinion, have the effect of "changing the status of this property and operate a translation of the title of this space of ground by dedication to the City, otherwise the rights to realty would be very insecure".

After a re-examination of this case, we find no reason to grant a rehearing.

For the foregoing reasons, and those given in the opinion heretofore rendered, the rehearing is refused.