This is a possessory action, coupled with a demand for damages, in which the plaintiff, Mrs. Leona Briant, widow of Albert S. Brasseaux, claims that the defendant, Ambrose M. Ducote, under a pretense that the property which she possesses was a public street, removed a barbed wire fence on the eastern line thereof, took actual, physical and corporeal possession of the same and has planted shrubbery and trees thereon.
She sets out fully the manner of her acquisition of the property which adjoins Lot No. 7 in Square No. 26 of the Town of St. Francisville which is also her property, by virtue of the same acquisition and then makes all of the essential allegations of a possessory action, averring that her possession and that of her authors in title has existed uninterruptedly for a period of sixty-three years. She then alleges the manner in which she has been disturbed in her possession by the acts of the defendant within the period of a year from the date preceding the filing of this suit.
She claims damages in the sum of $500 for humiliation and embarrassment, $25 for replacing the fence which was removed and a rental of $5 per month during the period of the disturbance.
The prayer of her petition is for the maintenance of her possession and for an order to have the defendant remove the shrubs which he has planted on her property *Page 770 
and for the damages as set out in her petition.
The defense as made in the answer presented by the defendant admits the plaintiff's ownership and possession of certain of the property described by her, which is that conveyed under the description of Lot No. 7 in Square No. 26 of the Town of St. Francisville, but denies that the plaintiff owns and possesses the specific property on which the alleged disturbance has taken place. Defendant admits that on March 1, 1940 he removed unsightly weeds and an old barbed wire on property adjoining his but which he avers is public property, being part of Temple Street in the Town of St. Francisville, and that he replaced the same with azaleas and other flowers in order to beautify the property. He alleges that the plaintiff objected to his actions but that the matter was taken to the Mayor and the Board of Aldermen of the Town of St. Francisville and permission was granted him to do what he did by a resolution adopted at a meeting of the Mayor and said Board.
After trial of the case in the Court below there was judgment in favor of the plaintiff maintaining and quieting her in her possession of the property and awarding her the sum of $25 as damages. The defendant has appealed and plaintiff has answered the appeal asking for an increase in the amount of the award for damages.
It is not disputed that the plaintiff has fully met all the requirements of the Articles of the Code of Practice, Article 46 et seq., relating to the possessory action and as a matter of fact, the only contention that seems to be presented now by the defendant is that as the disputed area of ground which is a strip of land 25 feet 10 inches on Ferdinand Street in the Town of St. Francisville, adjoining Lot No. 7 which also fronts on said street, and which belongs to the plaintiff, by a depth of 120 feet, is a portion of a public street of said town, and being public property, it could not have been acquired by prescription as now claimed by the plaintiff and cannot be possessed by any private person in order to maintain the possessory action. That question of course presents a special defense on which the burden of supporting the same rested upon the defendant.
A municipality can only acquire property for public use such as streets by direct purchase, by expropriation or by dedication to public use. It is conceded in this case that the Town of St. Francisville did not purchase the property in contest nor did it expropriate the same and therefore the only manner in which it could have possibly acquired it would have been by dedication. Dedication of public property may be either statutory or according to the common law. The distinction between the two is that in the statutory dedication it is complete without a formal acceptance by the public authorities whereas under the common law it requires the express acceptance of the municipality or the implied acceptance of the user of the property. Arkansas-Louisiana Gas Company v. Parker Oil Company, Inc., et al., 190 La. 957, 183 So. 229, page 237 on rehearing. In the case before us there was no statutory dedication and therefore if there was any dedication at all it was under the common-law method, in which formal acceptance by the Town of St. Francisville or implied acceptance on the part of the inhabitants of that town had to be shown, in order for it to become effective.
We find no evidence whatsoever in this record which would indicate an acceptance of the property in dispute as a public street, in either way. The defendant seems to rely on a dedication which he contends was made over one hundred years ago by John H. Johnson who had patented from the United States Government, Section 44 T. 3 W. St. Helena Mer., in which the Town of St. Francisville was located. Titles to most of the lots in the said town were derived from him, and whilst it seems to have been his intention to establish a town with streets, there is nothing found in this record which would justify the conclusion that he ever established or designated a street at the point where the property herein in controversy is situated. Reference is made to a certain map which it is said that the trustees of the said town in the year 1833 ordered one Samuel M.D. Clark, Parish Surveyor, to make of the town, which map shows the squares, lots and named streets, and that a vacant strip is left at this point. No such map has been produced or offered in evidence however and a certificate filed by the Clerk of Court for the Parish of West Feliciana indicates that there is no record of any map or maps of the Town of St. Francisville in the conveyance records of his office.
The plaintiff herein acquired title to Lot No. 7 of Square No. 26 through her *Page 771 
mother, Josephine C. Temple, wife of A. Bachus Briant, who had acquired from her father, Henry Temple, Sr. Henry Temple Sr., also owned the property immediately north or across Ferdinand Street from Lot No. 7 and the strip of land in contest herein, and it appears that on a map made subsequently to the Clark map the strip of land on both sides of Ferdinand Street is designated as Temple Street. This map was made by a man named Smith and was offered in evidence by the defendant but it was excluded on objection made by the plaintiff. Whatever may have been the value of the proof arising out of the said map or any reference to any streets thereon, there is absolutely nothing in the record to show under what authority it was made and certainly it never was authorized by the Mayor and the Board of Aldermen of the Town of St. Francisville. Conceding however that there might have been an intention on the part of someone, at sometime, to have dedicated what is thereon referred to as Temple Street, to the public use, the testimony abundantly shows that no such use ever was made of the same and on the contrary it seems that the property, as far as the strip of land with which we are concerned on the south of Ferdinand Street was, as far as the memory of the oldest witness who testified in this case runs, always enclosed by a fence on the front, facing Ferdinand Street, as well as on the east, the property line adjoining that of the defendant herein. There is testimony also to the effect that the corresponding strip on the north of Ferdinand Street was enclosed as far back as the time when it was in the possession of Henry Temple, Sr., who had it fenced with a gate through which he drove his cattle to the rear of his property.
The testimony also discloses that this strip of land which measures 120 feet in depth ends in a steep bluff at the rear and it strikes us that there would have been but little purpose in establishing a street for that short distance as it could have served no one beyond the depth of the property.
As a matter of fact the Town of St. Francisville itself never seems to have thought of there being a street at this point until the present controversy arose and as far as the present Board of Aldermen is concerned, whatever action it took, at this late date, was apparently in an effort to bring about an amicable adjustment between the two parties, and clearly not for the purpose of exercising any public domain over the property itself.
In the case of Bomar v. City of Baton Rouge, 4 La.App. 232, this Court held that although no particular form is necessary for the dedication of land to public use, nevertheless the positive assent of the owner must appear and also the fact of its being used for the public purposes intended. This case was reviewed by the Supreme Court on application for writs and the decision was affirmed. See 162 La. 342, 110 So. 497, 499. Quoting from a former case, City of Shreveport v. Drouin, 41 La.Ann. 867, 872, 6 So. 656, the Court stated: "Though no particular form be requisite, there must be a plain and positive intention to give and one equally plain to accept. The positive assent of the owner and the actual use by the public for the public purposes intended by the appropriation, so as to render it unjust and injurious to reclaim the land, must be shown. And when the dedication is not express, but to be inferred from the acts or acquiescence of the owner and the use by the public, there must be such as to exclude every other hypothesis but that of dedication."
We are thoroughly in accord with the holding of the trial judge in this case that there had never been a dedication of the strip of land in dispute herein, for public purposes, either for a street or otherwise, and that if any such dedication had ever been intended there never was any acceptance of the same in order to make it effective. The property not having been shown to be of a public nature, there was nothing to prevent its being possessed as it was for more than sixty years and clearly the plaintiff was entitled to be maintained in her possession.
On the question of damages, this is what the trial judge had to say after considering quite a bit of testimony relating to the actions of the defendant and what transpired between him and the plaintiff's daughter: "On the whole the Court views this litigation as unfortunate and while defendant's actions are not to be justified still there is no valid reason why he should be condemned to pay excessive damages which in the last analysis must be regarded as purely punitive." As already stated he allowed the plaintiff $25 covering such actual damages she had suffered together with her deprivation of the full control and possession of her property. The district judge, *Page 772 
who evidently is well acquainted with the parties and had a better opportunity of appraising the whole situation, has resolved the question in a way in which we think justice has been done and we are not disposed to disturb the amount which he saw fit to award the plaintiff.
Judgment affirmed at the costs of the defendant, appellant herein.