Dear Mayor Eason:
You have requested an opinion of the Attorney General regarding the ownership of a water system that was installed approximately fourteen years ago by a private individual at his own expense. The system consists of a 2-inch water line which runs from the City's main line to the three private residences it serves. Each residence has its own meter which is read by personnel within the City's water department. The City has installed a master meter at the junction of both water lines. The private line has historically been maintained by the private owner(s), with the exception of the City's rendering emergency maintenance services on several occasions at no charge to the private individual(s).
The power of a municipal corporation to construct, acquire, extend, or improve any revenue producing public utility (e.g., water) and the property incidental thereto, either within or without its boundaries, is clearly provided in R.S. 33:4161, et seq. Section 4163 provides the following:
 "The municipal corporation . . . may sell and distribute the commodity or service of the public utility within or without its corporate limits and may establish rates, rules, and regulations with respect to the sale and distribution."
Thus, there is no question that the City can sell its water to the three residences being serviced by the 2-inch line.
As noted above, the line was installed by the private property owner(s) at private expense. Further, it has been continuously maintained by the owner(s), with limited exceptions. The City has never obtained title to the line by purchase, dedication and/or expropriation.
Based on the facts presented above, it is the opinion of this office that ownership of the 2-inch line and the meters located on the residences, in question, is not vested in the City. Should the City desire to own the system, it is authorized to acquire same by purchase, dedication and/or expropriation.Brasseaux v. Ducote, 6 So.2d 769 (La.App. 1st Cir. 1942).
Having held the water line to be privately owned, we also conclude that the City should assess the owners thereof for the cost of the water at the point at which it leaves the City's main line and enters the private line, as measured by the master meter.
Finally, although you have not asked our opinion on the issue of the City's maintenance of the private line, we feel compelled to address same. In this regard, we refer you to Article VII, Section 14 of the 1974 Louisiana Constitution. It prohibits the loan, pledge or donation of public funds, credit and/or property of the state or any political subdivision thereof (e.g., the City) to any person, association or corporation, public or private. While there are limited exceptions to this constitutional prohibition, they are not applicable to the issue before us. In accordance with this constitutional provision, we conclude that the City should discontinue furnishing labor and/or materials to maintain the water line, in question.
Should you have any additional questions concerning this matter, please do not hesitate to contact us. With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received: Date Released: July 26, 1996
Robert E. Harroun, III Assistant Attorney General